Patricia EDMONDSON,
Plaintiff–Appellant,

v.

WEST END UNITED METHODIST
CHURCH, Defendant–Appellee.

No. 01–5291.

United States Court of Appeals,
Sixth Circuit.

Dec. 5, 2001.

Before CLAY and GILMAN, Circuit Judges; EDGAR, District Judge.*

Patricia Edmondson, a pro se Tennessee resident, appeals a district court order dismissing her civil rights complaint filed pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Edmondson sued her former employer, the West End United Methodist Church, contending that she was terminated from her employment because she suffered from lupus. Upon de

novo review of a magistrate judge's report, the district court granted summary judgment to the church.

On appeal, Edmondson asserts that she was terminated because church officials liked another employee better than her. The brief is also construed as arguing that her termination violated the ADA.

The district court's judgment is reviewed de novo. *See Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000).

The church was entitled to summary judgment as a matter of law. In order to establish a prima facie case of disability discrimination, Edmondson must prove that she: 1) is disabled; 2) is otherwise qualified for the position despite the disability; and 3) was subjected to an adverse employment decision because of the disability. *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1176 (6th Cir.1996). Under the ADA, "disability" means a physical or mental impairment that substantially limits one or more major life activities. *McKay v. Toyota Motor Mfg. U.S.A., Inc.,* 110 F.3d 369, 371 (6th Cir. 1997). An impairment that disqualifies a person from only a narrow range of jobs is not considered substantially limiting. *Id.* at 373. Further, an individual is not substantially limited merely because she cannot perform the job of her choice. *Id.* at 373–74.

In her deposition, Edmondson admits that she was not terminated because of her medical condition. Rather, she felt that her employers had a grudge against her. Further, the evidence showed that for five years, prior to her termination, Edmondson had a multitude of problems performing her job. These problems included numerous failures to clean certain

* The Honorable R. Allan Edgar, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation.

areas of the church, failure to clock in and out, unexplained absences from work, and unauthorized overtime. As the evidence and Edmondson's own admissions support the fact that she was not discharged due to her illness, the church was entitled to summary judgment.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.